The last case of the day is United States v. Larkin-Rose, No. 05-5199, Mr. Goldberger and Mr. Hardy. Take your time. Take your time. May it please the Court, my name is Peter Goldberger. It is my privilege to represent Larkin-Rose this morning, who's the appellant here, was the defendant below. I would like to reserve two minutes of my time. I very much appreciate the Court's willingness to entertain an argument. I bet you have an idea of where we're going to start to. And finish, perhaps. I believe you asked me to limit my argument to the suppression issue. Yeah, and also on the suppression issue, the question is, what standard do we apply for this? Sure. Is it waiver or plain error? And it seems like we've got decisions in our courts, oral decisions going both ways. Yes. Well, let me tell you in light of the helpful new information from Mr. Hardy, which I actually am completely baffled about the problems that we had compiling the record a year and a half ago and how it was possibly resolved from now. But I want to limit Just for the record, you were not involved in the trial court level. I wasn't at the trial court level, but we worked from April to July of 2006 with the clerk's office, with the magistrate's clerk, with the U.S. Attorney's office, trying to come up with a proper record of the suppression proceeding, which was, I don't know why it was messed up the way it was, and I did my best. We came up with this appendix, and somehow something that I tell you was not in the district court's file in the spring of 2006 was there in the fall of 2007, and I'm glad it was. But in light of that, let me say what I think is on the table now with respect to the issues, because that will help us with the standard of review of those issues. We had some technical or procedural points about the record made in the suppression hearing because of the apparent imperfections in the documents that were in the record. But in light of the clarification, which I accept, that a copy of the warrant was in the record before Judge Bailson, and that the copy of Exhibit 1B, that is the list of defects, in fact a complete four-page list, not the defective two-page list that I had thought existed. So he had more than what you initially thought. He had more before him than both sides said in our principal briefs. That's right. I'm not relying on those defects as grounds of reversal, which is the first part of our argument. I still think they are relevant and will come into play in evaluating the application of plain error, because there still are two significant problems with the record that have not been corrected. When you read the rule, how can you say that plain error is applicable if you did not raise the grounds for the suppression motion before the district court? Because otherwise, how many bites of the apple do you get? Now, when judges write opinions, sometimes you, without thinking, say, oh, that wasn't focused on it, and the cases that did focus on it, when there is a ground for suppression that is not raised under Rule 12C, if you don't raise it, the rule specifically says you've waived it. And if you say that... Subject to a good cause excuse, which means it's not really a waiver, it's a procedural default. Yeah, but I mean that something has been made known to you since then, or... But simply, in a situation where an attorney brings a suppression motion, you've got an obligation to put every ground in there that you are aware of for that suppression motion, and the fact that you're a bad lawyer doesn't mean that the appellant lawyer can think up some additional reason... Mayor, not depending on which rule applies, but we have two now substantial suppression issues, one of which was raised below, and one not. That's what I wanted to make clear. Depending on which rule applies. Yes. We're applying Rule 12, subsection C, and subsection E, so when you say, depending on what rule applies, I assume you're talking about the lines of cases. Yes, yes, which rule applies on appeal in this situation. And you are saying that an unthinking referral to plain error can trump the plain language of the criminal rules of procedure? I don't agree with the premise that it's unthinking. Well, then how can you... Well, this is with respect only to the... Carbonize it with Rule 12C. Well, first of all, again, it took me too long to get to identifying the issues, but I still... We're talking here, I think, about the aspect of the suppression issue, which is the failure to identify in the warrant what crime it is that the magistrate has found probable cause to believe had occurred so that it would inform an otherwise overbroad and general warrant. Was this one of the grounds raised in the district court? That one was not. All right. But the generality of the warrant and its First Amendment implications most assuredly was, and that is a very big part of the suppression issue, which is still alive. So the two lines of cases do not... The problem does not apply to the general warrant and the scrupulous exactitude rule that applies when the warrant is seeking political and First Amendment documents. So that's what I wanted to be sure we understood. We're on the same page about it. Let me make sure I've got this right. Yeah. You're saying that in the district court, if I've understood you right, you're saying we're not making the argument that the district court didn't have the full record. That one we understand at this point is not an issue. The district court did not have the correct... Did not have the actual affidavit, the right version of the affidavit signed by the agent, but the ways in which the two are different do not give rise to an issue that I'm presenting today. But there were defects in the way it was presented. I just don't want to... So the... Substantial. Let's put it this way. You're not making the argument... Right. That's right. You've abandoned the argument that, hey, because the district court didn't have certain things in front of them, this means that the court was confused and couldn't have made an informed decision. Right. And in and of itself, that creates clear error, which is one of the things we... And that's gone. Right. That's right. So the only thing we're talking about at this point in this argument is what was actually presented to the district court. What argument was presented to the district court? Right. Now, you can probably take it from some of the questioning. There's a question in our minds whether the plain language of Rule 12e gets trumped by a throwaway line in a case. But setting that aside for a moment, before we even get there... Rule 12c and 12e together. No. Well, 12e is... The waiver provision. It's a waiver. At that time it would have been F and is now E. That's right. It says waiver. Yes. Subject to good cause. So, before we get to that, there's the predicate question of what was actually said to the district court? What was the motion, the grounds put in for the suppression motion? And... One of the principal grounds. What was it? One of the principal... There were many grounds, but one of the principal grounds and the only one that I thought had merit and which we were pursuing on appeal was that it was a general warrant and that the problem of the general warrant, that is, that the warrant as drafted was so open-ended in its description of the things to be searched for that everything in this home could be searched without limitation and without... We'll get to the merits of that. My understanding is you're arguing that the warrant did not refer to particular offenses and therefore was a general search. Is that correct? No. No. No. The other way in which it became a general search was the one you identified, which the court discussed in the Johnson case. At that point, the failure to identify offenses was not made by the process. Okay. So, the warrant didn't identify on its face the items to be seized? Right. The general... Yes. The very general nature, a principal example of which I quote on page 32 of my brief, that is, the warrant authorized a search for any and all copies of any publications, research material, and other documents relating to the IRS, federal income taxes, and any tax-related issues. Now, let's pursue that. That kind of thing you could search for. How is that... Leave aside the First Amendment concern you've articulated about that. All right. All right. Deal just with the generality problem. What is the basis for saying that that is so general a statement as to open the seizure of anything that struck their fancy? Combined with the authority, which I go on to say, to seize any computer, which, of course, is a filing cabinet full of who knows what, that you would look everywhere for such things because they could be of any size, and you would have to read every one of them to see whether the subject matter of the thing met these broad, that is, tax-related categories. You could hardly have a written authorization for a more widespread search of a person's home. And it was aggravated by the failure to tie it to probable cause to find a particular crime. So affidavit mentioned a very broad-ranging and very serious tax crime, conspiracy to defraud the United States, tax evasion, but it also mentioned failure to find... Certainly the longest affidavit I've ever seen, or you've seen longer, but pretty complete. Yes. Yes. Brevity is not one of the flaws. A general warrant is one which authorizes a search which is not limited by a specific description of the thing to be searched for or the probable cause that allows... The case law says it could also be limited by an identification of the offense to which the thing has to be related and probated. That's the second part which is also missing. If it's laid out at length that, as it was, it seems, in this very lengthy affidavit, these are the kinds of information that we've got about Mr. Rhodes, the things he's said. Yes, that's what's presented at length. Yes. Therefore, we believe there is a basis for saying he's not filing his taxes and he's not filing them wrongfully. He is filing them wrongfully. Very little. What's the leap, and I understand you're saying, mentioning a computer in the abstract might be a problem, but if that demand to get a hold of a computer is made in the context of, we want records associated with his tax filings, his statements about tax filings, his research about tax filings, we want all files with respect to those in a computer. If it's made in that context, are you saying that as a matter of law, a magistrate would be wrong to understand that to mean computer files associated with these statutes recited in the affidavit application as going to the same things that have just been talked about? No, we know from the Yusuf case that that would not be a valid argument. The implication of your question is correct. Okay. The topic of the affidavit informs the scope of the search. Yeah. Okay. If it's incorporated, if it's referenced and incorporated. So that's why I have, getting past the waiver issue, I have two things that I'm trying to ask you to help me with. One is, if that is true, and I'm under the impression the same as you are that it is, what's too general about an affidavit that goes on at length and says, these are all the reasons why we think it's trying to be used in practice, and we want to get a hold of the stuff that has to do with this practice. It would be these sorts of things. And the second is, even if we were to decide as a matter of law that that was too general, how could we say that an agent relying on a magistrate issuing a warrant on that affidavit was doing a bad thing, and therefore all that was used in practice? The last point is the good faith exception. It's the Leon. Right. Good faith exception. And that is the Johnson argument. Our answer to that is, because the warrant fails to tie the search in any way to particular offenses, no agent could see what the guidance was. A person executing the warrant would not know if Magistrate Ruder had approved the agent's very broad theory of conspiracy to defraud the United States, or the narrower suggestion of a willful failure to file tax returns during certain years. The scope of the search having two tax returns were not filed? Yeah. So wouldn't Magistrate Ruder be entitled to assume that that might be one of the reasons that they're seeking a search warrant? In other words, to deal with that particular? He might have been, but we don't know. We don't know which offenses he found trouble to search for evidence of or not, or whether it was a search for evidence, for that matter. We're just assuming it was a search for evidence. The warrant doesn't say that either. That was the request that was made. But we also know from Groh and Doe and Yusuf also that you can't assume from both unincorporated affidavit that the Magistrate automatically agreed with the agent when the warrant was issued. Well, this is a very different case than Doe versus Ruder. Yes. There was no problem. I'm just saying the general principle, we do not assume that what the agent wanted is what the Magistrate granted without some evidence of it in what the Magistrate did is the general principle that I'm saying. Was I – I don't know that I gave a satisfactory or even started to give an answer on the two lines of the case. I don't – I've heard your argument about Leon. Okay. I'm not sure I've got a handle on your argument with respect to generalities. Okay. And maybe I'm just a prude, but I'm having a hard time. And then we can go back to where we started. All right. Why don't you answer? The particular – when a warrant that authorizes a search without limitation of a home or any and all documents that – I got that. That's a general warrant. Especially when it expressly includes material which is described by the content of its political and social opinions. That's the worst kind of general warrant. Just to finish up with the waiver issue. Yes. You've heard from my colleagues that they think that while there is clearly statements in at least three cases of our court going either way, isn't there also – the Supreme Court has said in 1994, a case called Alvarez-Sanchez, that this is – it was holding for a defendant who had argued for suppression at the district court in court of appeals on Fifth Amendment grounds that he couldn't raise the Fourth Amendment grounds because it had been raised for the first time. The court found that there were no exceptional circumstances that would warrant reviewing a claim that was waived below. Now, maybe that's dicta, but it seems to be an indication of where the Supreme Court would be heading if this issue were presented to us. If in the end they ruled for – I'm talking about throwaway line. I mean, if in the end they ruled for the defendant in that case, and it's – I don't have it in front of me. Is it with or without a citation to a rule?  I don't know. Sometimes that word is used to mean all sorts of things and is shorthand for all sorts of things, including we're only going to review for plain error. But I don't see how the law of this circuit can be treated as a throwaway line when the court – when Judge Sirica's opinion and Martina Zayas, the earliest – Yeah, it's not a throwaway line in Judge Sirica's – I'll grant you that. It's the holding of the case with respect to the standard of review. That's not throwaway. Can we change the wording of a federal rule? I don't think we can. No. But you can find it to be the law of the circuit that that rule does not to be invoked on appeal. And I gave the reasons why the rule is not suitable for being invoked for the first time as a rule of appellate practice and procedure. But I – It's a district court rule. But I do think what you can say, well, it isn't a throwaway line. There's no discussion whatsoever in any of the cases as to whether it should be waiver versus plain error. That's right. And I cited a long footnote full of cases from other circuits that do struggle with that problem. It's treated as a serious problem in many circuits that have been confronted with it. I must say, whatever, you know, 20 more years doing appeals in this court, you hear jokes about the Ninth Circuit that you see problems like this all the time, lines of panel authority that are in direct conflict. I think this is the first one I've ever seen in the Third Circuit where there's a square direct conflict of lines of panel authority that do not refer to each other that has persisted over a 15-year period or more. I hope because you're thinking of it, okay, this way or that way. When it was first presented to me, my blink response was plain error. But then you realize Rule 52 is general. Yes. Rule 12 is specific. Doesn't the specific overrule the general? Sometimes. But that's a rule of thumb. It's a maxim. Well, if Rule 12 talks about motions to suppress and Rule 12e says that they're waived if you don't bring up the matter in the motion to suppress except for a good cause. Well, my response, and this I think is the most telling point, is let's say it is brought up by the government for the first time on appeal. Where is the opportunity for the presumably defendant appellant or perhaps defendant appellee the government's bringing up as an objection to what the district court did in their own appeal for a party on appeal to prove the good cause? Good cause is a fact question on which the defendant would be entitled to make a showing and a hearing of the typical good cause showing, as we know from other contexts, is ineffective assistance of counsel. That's not the case here. But how would you make that showing in the middle of an appeal? The rule can't be carried out in all its respects on appeal, and that's what's wrong with the cases in this court with all respect that invoke it is they stop quoting the rule before you get to that last clause that doesn't work in an appellate process. Don't you, as defense counsel, if you want to bring that forward, don't you have to start in the district court with a motion for reconsideration? I'm assuming a case where for whatever reason the first time the matter is raised as an objection is in the court of appeals. And isn't that precisely, though, what Rule 12 is designed to get at is to say, look, if you've got a problem, you're supposed to bring it pre-trial. And if you don't bring it pre-trial, you better have a mighty good reason for not bringing it pre-trial because we don't want it coming after the time set for it. So if that's the case for being in the district court, a fortiori shouldn't it be the case in the court of appeals, that if we don't want it even past the trial point in the district court, why would we give a pass and say, yeah, but you could bring it up on appeal? It's up to the difficult standards of plain error. And the answer is it's not designed for appeal. It's designed for the person who tries to make a suppression motion after the jury's in the box, who objects to the offering of evidence at trial on constitutional grounds. Or how about after a jury's returned and there's been a conviction and now there's an appeal? Isn't it designed not with some cutoff of just in the district court in mind, but to say this is when you do it. And if you don't do it, the word of the rule is waived. No, it works fine in the district court. It doesn't work as an appellate rule. Rule 52B works fine as an appellate rule. It doesn't give anybody and put anyone in an unfair position. It just doesn't work. Let me see if I can tie both points together that Judge Roth and Judge Giordano made. Even if it's waivered, you've got three arguments that I understand you're making. The warrant did not identify on its face the items to be seized, nor expressly incorporate a document that did so. Is that the first one? I think that's an argument. That's identified too generally. As the warrant? No, that's an argument that we're not advancing. I think if I understand this one, you're pointing at it. What are the three reasons that you gave for why there was a deficiency such that a motion to suppress should have been granted? The one you just cited, if I don't misunderstand what you're quoting from, has to do with I'm not quoting from anything, I'm just summarizing. What I said this morning? No. Well, part of this morning. One of those. Primarily in your briefing. What are the things that you're saying that were defective? Because the warrant says C, attachment A. There's a document called attachment A, which we have no copy of the warrant that actually has this thing attached to it. That's not in the file. Not in any file. But the agent testified at the hearing, looking at this four-page document, which says attachment A on the top. This is what the magistrate authorized me to search for. So there's a slight record there that would support that. Now that we have the four-page document, as I said, we're not pursuing that. As a violation by itself. Even if the argument for the test were to be waiver, might you not be able to argue that for some of the points, that in fact you could not have waived it prior to the motion to suppress hearing because you didn't know about it until the motion to suppress hearing? You can't waive what you don't know. Oh, of course. But then you hit Judge Ross' question. Okay, fine. Let's say something came up in the motion to suppress hearing that was a surprise to you. Why didn't he just file a motion for reconsideration? Well, I can't answer that question. Mr. Ross was pro se. He did what he thought was appropriate at that time. And he stuck with that man. That's all. That's all I can say. And then he got counsel at the time of the sentencing and the appeal. Let's hear from Mr. Hardy. I do stand by all of the arguments in the brief. Not agreeing to the limitation of argument. We have read the briefs carefully, and we will consider all the arguments. Good morning. My name is Peter Hardy. I'm here to represent the government in this appeal. I want to address the waiver issue first of all, but I just want to comment briefly on the current record. As I understand it, You want to address the waiver issue first, but you want to comment first on something else. Well, the factual record, though, leads me into the discussion of the waiver. Fair enough. Inarticulate. As I just understood, counsel, and maybe I was mishearing, I believe they've abandoned their first claim regarding Gros, that the attachment A of the list of items to be seized was not included in the warrant. I think I just heard him say he was abandoning that. Just in case, I think the ambiguity, if there is one at all, is the following. The defendant suggested in the magistrate file, because there's only one copy of that four-page attachment, you can't tell whether or not that was attached to the warrant or not. I would submit that this record shows clearly otherwise. We had the attachment introduced during the suppression hearing. The agent testified to it. The defendant admits that during the execution of the warrant, he received this copy of the attachment A. There's no reason to think there's a different attachment A. And the warrant itself says attachment A. In fact, there's one copy in the magistrate file, and I can tell you that the magistrate file is disorganized, and there's really not much you can glean from that. We know that the Roe issue is baseless. The warrant was attached. But this also highlights the wisdom of the waiver rule, which brings me to my point about the waiver. Had this issue been raised, had Mr. Roe, who, by the way, had standby counsel, Larry Becraft, during trial, now suppression attorney, and also went through a long colloquy with the judge about his decision to represent himself, and frankly, did a fairly good job. But had Mr. Roe decided to raise at the time that it was unclear as to whether or not attachment A really was attached to the warrant at the time Judge Bruder signed off on it, I can submit to you, I can make a representation to you that we would have called the agent to the stand who in three seconds would have testified, yes, it was attached. Now, that motion was never raised, which brings us to the wisdom of the waiver rule. We cited in our brief the Lockett case, which, and as your comments have already alluded to, squarely addressed the very issue that's presented by this case under Rule 12 and under the specific language of Rule 12, as well as the advisory note to Rule 12, which alludes to the need to bring the precise theory of suppression before trial. A defendant is precluded from pursuing a theory of suppression that he doesn't raise before the district court. Now, Lockett is 2005, but there are earlier cases that talk about waiver and plain error. Yes, Your Honor. That is the defendant's claim. Invoking the first panel rule, the defendant makes the argument, well, we have Loy, Riddick, and Martinez-Zayas, and Martinez-Zayas was decided in August 1988 as opposed to Frank, the government's earliest case, which was decided in November 1988. Do you agree with Mr. Goldberger that Yeager is not on point? That was a 1971 case that talked about waiver, albeit in the context that it did mention New Jersey, a state criminal rule, but it did talk about if you don't bring up something at the motion to suppress, it is considered to be waived. Yes, and consistent with the Supreme Court opinion that yourself, Your Honor, you just mentioned a few minutes ago. I think that it's illustrative. I would agree that it's not right on point simply because it's not federal rule, criminal procedure rule 12. Now, and that brings me to the response to your question about the first panel rule. All of the cases relied upon by the government, Lockett, Velasquez, Martinez, Hidalgo, and Frank, all have something in common. They all discussed specifically rule 12. It was an issue that had been raised by the parties, and it was dispositive. Under rule 12, the argument that was waived was simply shut down. There was no discussion of the merits whatsoever, and that was the end of the claim. The arguments upon which the defendant has relied, Loy, Riddick, and Martinez-Zayas, none of them discussed rule 12. I would actually submit there's really not much contention because none of these cases are discussing rule 12, and it's not dispositive. Essentially, their reference, and I think I do agree with some comments that have been made about it being an offhand comment, the reference to rule 52 is essentially dicta because the government ended up winning anyway even under the Plain Air statute. So the waiver versus Plain Air in Loy, Riddick, and Martinez-Zayas, my point being that – It's hard to say to Martinez-Zayas. That wasn't the way the quote came out. I believe the government won even under Plain Air. I think under Leon, there was – I may be wrong on that, but I believe that under the Plain Air standard, I don't think the defendant won on any of the new suppression theories. The sentence stated otherwise affirmed, Martinez-Zayas. There we go then. Now, there's good reason for the waiver rule, and this case exemplifies that. And that brings me back to my discussion about the facts. Had it been raised, we would have cleared it up instantly. But this is also consistent with other statutes that Congress has passed. There's a Fifth Circuit case that the defense cites in his brief, Chavez-Valencia. It's a wonderful discussion of this issue. And Chavez-Valencia points out another thing, which is there's very few times that the government can file a motion – I'm sorry, an appeal prior to sentencing, an interlocutory appeal. One of the few times is when we lose a motion to suppress. And that is a right which would be eviscerated if the waiver rule in this context is not enforced. One of the goals of the waiver rule is to force defendants to bring their motion to suppress because if they don't, then we can't appeal that. We can't go into trial knowing whether or not we can use the evidence that has been gained from a search. And I would point the court to 18 U.S.C. 3731, which bears on the government's right to appeal. And it says that it should be construed liberally in conjunction with other statutes to essentially protect the government's right. And here we actually have an instance of Congress in passing Rule 12 and also 3731. They could join and they both protect the government's right to file a notice of appeal, free trial, and to enforce the waiver rule at the same time. I would also note that I think when you read the cases from the other circuits, cited by both the government's brief as well as the defense brief, that there's really not this raging internal debate. The vast majority of these cases, they all come out in favor of the waiver. The Buchanan case, the Sixth Circuit case cited by the defendant, there's other cases in the Sixth Circuit, by the way, that enforce waiver, meaning he's precluded from advancing his claim. But in that case, there were two defendants, and the co-defendant had prior to trial raised this very suppression motion that actually prevailed. And the Sixth Circuit essentially said, here we have a factual record, unlike this case, which is perfectly clear. It's been developed, and it would simply be a manifest injustice to give the benefit of the suppression ruling to co-defendant number two as opposed to Mr. Buchanan. That's the sort of instances in which you have courts saying, you know, certain times maybe we'll use plain error. But in other instances, and regardless in this circuit, under the Lockett case and the other cases, waiver means just what waiver traditionally means, which is you're precluded. So are you accepting Mr. Goldberger's argument that waiver doesn't really mean waiver in Rule 12, that it means waiver sort of, but plain error sometimes? No. I am simply saying, and I'm sorry, I wasn't very clear. My point is simply the other circuits that you have the occasional case, but many circuits just simply say waiver. The other circuits, including the Sixth Circuit cited by the defendant, even then it's under these most unusual conditions that they will turn to plain error. But in the Third Circuit, there's no such speculation as to whether or not we're going to sometimes use plain error. My position is, and I believe the holdings of this court are, that waiver means waiver, just as waiver is traditionally interpreted, and that means that the claims are precluded. Speak, if you would, to the assertion Mr. Goldberger makes that it just doesn't work as an appellate rule. It's designed for the trial court. It's meant for the trial court. It was never meant for the appellate court. And Rule 52 is the one you're supposed to be looking at when you're talking about review of the appeal. Sure. Well, a specific rule trumps a general rule, and here Rule 12, that language is in there for a reason, and that is to have waiver mean you are precluded. Otherwise, we could simply rely on Rule 52. Also, in terms of the district court, and this brings the language of good cause, I want to turn your attentions to the Eleventh and the D.C. Circuit. They actually talked about good cause. This is the Sobing case of the D.C. Circuit, the fourth case out of the Eleventh Circuit. Good cause, that showing, and this is kind of consistent with some comments I've been hearing earlier today, that is a showing to be made before the district court, not this court. You don't get into good cause before the court of appeals. It's the district court. You have to make it before trial, and if you don't make it before trial, if you're pending sentencing, you say, oh, I forgot to tell you about this theory now that I'm convicted, but I haven't been sentenced yet. That's the point when you have to show good cause. This is very much waiver as a rule that is an appellate rule, and it is to preclude people from having a second bite in the apple when they should have done it ahead of time. I don't have much time left. I want to talk briefly about the particularity issue. I disagree with the assertion that I heard this morning that the generality argument has been preserved. When Mr. Rose was representing himself at the district court, he did use the term general. I mean, he did use that magic word, but his argument was that the evidence that the IRS was seeking did not relate to a crime, that he was running a business, and that having evidence of running a business and receiving income is not a crime. This kind of fits into, I think, his worldview, that somebody doesn't have to pay taxes. He certainly didn't raise the issue that you have to include the reference to the code section in the attachment of the warrant. And I think even in terms of a classic generality argument or an overbreadth argument, that wasn't raised either. We're hearing it for the first time. But even if you were to address the generality argument, this is what a general warrant would have been. Search for all evidence of tax crime. That's a general warrant. At best, this is an overbreadth argument. And this attachment was not overly broad. It had 28 items specifically delineated. It is quite true. What about the assertion that seize a computer and Mr. Goldberger's word? That's just one big electronic file cabinet and therefore bad on the government. Yes, sir. There's a three-fold response to that, which is, one, if you remember, the probable cause set out in the affidavit, which was enormous. It also talked about the fact that the defendant was essentially helping to impede the IRS by running an Internet site, theftbydeception.com, from his computer and also creating these videotapes that he would sell to like-minded individuals across the United States by using his computer. So, one, the computer, it's not just what's on the computer. It's the computer itself. It's like going in an ID theft case. The computer itself is an instrumentality of the crime. Now, even having said that right there ends the argument. Even having said that, if you look at the top of the attachment, and I was just looking for it and I can't lay my hands on it, I apologize, but when you look at the top of the attachment and it says, we're looking for things relating to these individuals and these organizations, bing, bing, bing. It also says up at the top, because the real thing here that the parties are talking about is the e-mail correspondence that was introduced. It says, anything having to do with the following enumerated items, whether in paper or electronic form. So, that also covers the e-mails and certainly the agents had a good faith basis and that brings me back to Leon because I don't want to leave here without talking about the good faith doctrine. The agents certainly had, even if we're at the plain error standard, it was not plainly erroneous that the agents had a good faith belief that they could take the computers. And the third thing is not only do you have the instrumentality issue and also it designated at the top, but when you look at the entire attachment, it's clear that what we're talking about here is evidence of tax crime. And let's not forget, in terms of the amount of information that's being asked for in here, he ran his business out of his home. His home was his business, as was his wife's. We're not only looking for evidence of a lack of good faith mistake, but the IRS was also looking for evidence of his income, as well as his expenses. I actually, myself, do a lot of tax prosecutions and it's easy to forget that not only do you have the income, but of course, and this is what the defendants always like to talk about, you have the other side of the ledger, which is your expenses. So you really do need to know exactly what their finances are. So you need a lot of material. Let me ask a question that I hope will forgive my colleagues. It doesn't go directly to the issues that you're asking about. I'm just curious. I saw this was a 15-month sentence that was imposed. Yes, sir. And a year ago when the first brief was filed, he was in the midst of serving it. Would I be correct in understanding that that sentence is concluded at this point? Yes, sir. I apologize. You're on. Yes. The incarceration portion of the sentence has been concluded. You are correct. You're on. Yes, absolutely. There's one other case I want to point you to as well. Very briefly, there is no requirement that the attachments specify the code sections. There are cases that say that a warrant is saved from being overbought. If it does that, there's no bottom line requirement. If you specify the items that you're looking for, that's good enough. And I would cite you to the case that we cited in our brief that's $92,000, but also the Kepner case, which we were remiss in citing. That is out of this circuit. It is 1988. The cite for that case is 843F2nd755. And there, in a Taft-Hartley investigation, the attachment asks for all documents, records, and personal facts of the defendant. And that was sufficient. And there was no need to specifically say, and when we say that, we're talking about violations of 18 U.S.C. Whatever. That's a requirement that does not exist. Thank you very much. Thank you. If I could just start with one point that was made by Mr. Hardy, and it's a good one. And it dovetails, and I think supports Judge Ross's point about whether there should be a motion for reconsideration. If you have a reason under Rule 12, and you don't bring it up as a defense, you don't bring it up, it's waived unless there's good cause. Good cause means that the district judge, prior to trial, gets an opportunity. This also dovetails in with what Judge George was saying. The opportunity, okay, let's see if there's something I need to correct. It may be called a motion for reconsideration, whatever it is. But there's good cause to forgo waiver. Or during trial, actually. Why wait until the appellate level and say, okay, now we get to go back because we've got a gotcha here? Well, no one should wait the appellate level to raise something. We're talking about how you deal with something that was done wrong in the district court. A good argument, presumptively, was it could have been, should have been, but wasn't made. The point is that there's a mistake, and you think about it afterwards. Don't you give the district judge the first shot, and especially don't you give the district judge the first shot before trial? This can come up during trial. Sometimes what happens is a witness will testify during trial to something that shows that you had a misunderstanding about whether there were grounds for suppression, and the judge may recess trial for a day and allow a suppression issue to be made for good cause. It could be even during trial. Although, in this case, the issues were front and center. That's right, because it's a warrant case, and so it's about the papers. It's about the paperwork, pretty much, or the scope of the suit. But anyway, I just don't see why the answer to that question isn't we have a good rule that's been very well developed by the Supreme Court since 1990 for dealing with analogous issues about whether something was raised in the court below and they're now brought up on appeal. Rule 52 handles that situation. If I could just respond very quickly to a couple of things. In dealing with things that are not specifically provided for in another rule? I would agree with that, but I don't agree that Rule 12 specifically provides that the Court of Appeals should implement it because it calls for a process to be undertaken, which, as I say, cannot really be undertaken on appeal. I don't remember the particular D.C. Circuit case. I read a lot of these cases that my friend Mr. Hardy has mentioned, but there's a perfect example of why I would be right here. The D.C. Circuit had to stop in the middle of a sentence and say, from here on in the sentence, it means district court, but before that, in the sentence, it means the Court of Appeals. That shows the rule isn't working in the Court of Appeals. If only in the district court can you show your good cause, but on appeal you have waiver. It just doesn't make any sense. We aren't going to develop a good cause, so you have to have done it in the court below, or we will not have the record to consider it. And we'll only be able to entertain the issue if it is available on plain error. Some of the circuits let you go from them. What's the basis for plain error? I mean, you are saying that there is a factual basis to persuade that waiver should not apply because, for instance, the question wasn't known or whatever. For either plain error or waiver, you are going to have to have facts to argue to the Court of Appeals. Plain error, like any other argument on appeal, has to be based on the appellate record, and that's what we did in our brief. I think we articulated every prong of the test. You're going to have the same record for Rule 12 or for plain error. No, the good cause is new facts outside the record, or you won't be able to show it. May I just respond quickly to a couple of things? No, good cause would be facts. No, we don't know what good cause is. They'd be new facts. Presumably they would be new facts. But we do not hear testimony of the new facts. That has to be a record. But the new facts, the occasion to bring up the new facts, is in response to a claim of Rule 12e waiver. I think this is what's got us a little bit confused with your line of argument. Because you seem to be saying this doesn't work at the Court of Appeals level because it's designed to deal with good cause issues. And the question that's raised in my mind, and I think it's my colleague's question and hers as well, is isn't that exactly why it has to operate in the district court and not be permitted to operate in the appellate court? Because it's a place where that's where you've got to deal with factual issues. If there's some good cause, you've got to deal with it there, and you can't allow it to become a tool to use at the appellate level to overturn something which was never addressed in the court below. Well, I don't think we're disagreeing except what follows from that, which is then you should be able to invoke on appeal the rule that governs such situations on appeal. But that ignores the specificity of the rule, and I guess it does. Okay. Also, it's a different standard. I do understand what you're asking. I mean, the point is if it's waived, and if there isn't good cause for considering it, somehow we're going to forgive the waiver. The slate is wiped clean. Why do you get a second bite at the apple by arguing plain error on appeal? For the same reason that everything else that is waived by failing to be raised below and is thus deemed waived, you can invoke it. But usually that's something that happens at trial, is it not? Usually plain error comes up, or something at trial somebody didn't object. This is one where you have a specific rule that says if you want to suppress it, you've got to bring it up beforehand. And if you don't, you waive it. Plain error applies to any and every issue in the district court or in the court of appeals, for that matter. It's a rule that's applied in the district court on post-trial motions. I mean, it's a rule of criminal procedure, not of appellate procedure. And it applies in criminal cases whenever an argument is raised that should have been raised below. If I could just speak briefly to the instrumentality suggestion about computers, talk about waiver. That claim that we just heard from this podium was not suggested by the agent in his affidavit, by the government in response to the suppression motion, in the brief, by the district court in its opinion, or in the government's brief on appeal. If there was ever an argument that was forfeited or waived, it's the one we heard to justify the seizure of the computers. Thank you. Thank you to both counsel for excellently presented arguments. We'll take the matter under advisement. The court will be adjourned. Thank you.